IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| ANDRE COATES, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CV 316-009 |
|  | ) |  |
| SARAH WALL, Judge, Dodge County Courthouse; STEVE HARRISON, Public Defender; TIMOTHY G. VAUGHN, Solicitor General; FNU BARRENTINE, Lt.; CHRIS HOLLAND; FREDDIE MULLIS, Judge; DODGE COUNTY SHERIFF'S DEPARTMENT; DODGE COUNTY GBI TASK FORCE; LYNN SHEFFIELD, Sheriff, | ) ) ) ) ) ) ) ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

_____

**O R D E R**
_____

Petitioner, a pre-trial detainee at the Dodge County Jail in Eastman, Georgia, has submitted a complaint on a form for incarcerated litigants for bringing actions pursuant to 42 U.S.C. § 1983. On March 14, 2016, the Court recommended dismissal of Plaintiff's complaint due to his failure to pay the filing fee or file a motion to proceed *in forma pauperis* ("IFP"). (Doc. no. 3.) Plaintiff has now filed a motion to proceed IFP. (Doc. no. 5.) As a result, the Court **VACATES** its Report and Recommendation. (Doc. no. 3.)

However, upon review of Petitioner's filings, it is unclear whether he is attempting to assert a claim pursuant to 42 U.S.C. § 1983, or is attempting to petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. In his complaint, Petitioner alternately complains about

(1) being held pursuant to a sale of marijuana charge from six years ago that he now claims has somehow transformed into a possession of marijuana charge, and (2) being held for fifty-seven days without bond or an initial appearance. (See generally doc. no. 1.)[1] In his request for relief, Plaintiff asks that the Court "make sure justice shown to me for the misuse of power form [sic] the public servants in Dodg [sic] County Georgian & for the slandor [sic] of my name. As well as each shall pay for their crimes, to the fullest of the law." (Doc. no. 1, p. 7.)

To state a claim pursuant to § 1983, a plaintiff must allege the violation of a right secured by the Constitution of the United States by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). However, Petitioner's complaint is not clear as to whether he is challenging alleged procedural deficiencies related to his bond proceedings that might allow him to seek nominal damages under § 1983, or whether he is seeking immediate release from custody. To the extent Petitioner, as a pre-trial detainee, seeks release from custody, a pre-trial petition for habeas corpus relief by a state prisoner is properly filed pursuant to 28 U.S.C. § 2241. Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1261-62 (11th Cir. 2004); Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003) ("State pre-trial detention, for example, might violate the Constitution or the laws or treaties of the United States. Yet a person held in such pre-trial detention would not be 'in custody pursuant to the

---

[1] Plaintiff has also filed two new lawsuits which take issue with his medical treatment at the Dodge County Jail and the mailing system. See Coates v. Dodge County Jail, CV 316-018, doc. no. 1 (Mar. 21, 2016); See Coates v. Southern Correctional Medical, CV 316-017, doc. no. 1 (Mar. 21, 2016).

judgment of a State court.' Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only."). Lastly, because it is unclear whether Petitioner intends to proceed with a habeas corpus case or § 1983 civil rights case, it is also unclear whether, through his IFP motion, Petitioner is contending he cannot pay the $5.00 habeas corpus filing fee or the $350.00 filing fee for an IFP civil rights complaint.

Accordingly, Petitioner shall have fourteen days from the date of this Order to inform the Court by a written filing bearing the case caption above whether he intends to proceed with a § 1983 complaint or a § 2241 habeas corpus petition. The Court **DIRECTS** the **CLERK** to include an appropriate form civil rights complaint used by incarcerated litigants in the Southern District of Georgia and a form habeas corpus petition with Petitioner's service copy of this Order. Petitioner should submit only <u>one form</u> in response to this Order.[2] Once Petitioner makes his selection by returning the appropriate, completed form, the Court will consider the merits of Petitioner's IFP motion. Failure to comply with the terms of this Order within fourteen days may result in a recommendation that this case be dismissed.

SO ORDERED this 6th day of April, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] If Petitioner wants to proceed with a civil rights complaint for damages and a habeas corpus petition requesting release from custody, he must proceed in two separate cases, requiring two separate filing fees or IFP motions.